Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Rd., Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
Henry Mazucyk

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **HENRY MAZUCYK, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**ROZLIN FINANCIAL GROUP, INC. d/b/a RFGI,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, et seq. ("FDCPA")**<br><br>**JURY TRIAL DEMANDED** |

///
///
///

## INTRODUCTION

1. Plaintiff HENRY MAZUCYK, individually and on behalf of all others similarly situated ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant ROZLIN FINANCIAL GROUP, INC. d/b/a RFGI ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that specifically pertain to a plaintiff, in which that plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of those statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in here took place in California.

5. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the statutes herein are material violations of said statutes as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. All violations alleged regarding the statutes herein are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k).

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA").

10. Because Defendant operates or does business within the State of Nevada, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Clark, State of Nevada, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in Clark County, Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

13. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a company organized under the laws of the State of Illinois with a principal place of business located at 1628 DeKalb Ave, Sycamore, Illionois, 60178.

15. Defendant is a collection agency, a self-described debt collector, and person, who uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

17. At all times relevant, Plaintiff was a person residing in the State of Nevada.

18. At all times relevant, Defendant conducted business in the State of Nevada.

19. Sometime prior to October 2024, Plaintiff purportedly incurred a financial obligation to an original creditor, eHarmony. Plaintiff is uncertain and does not concede that a debt is actually owed to the original creditor, Defendant, or its predecessor(s) in interest.

20. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime prior to October 2024, Plaintiff had a billing dispute with eHarmony regarding payments claimed to be owed on the alleged debt.

23. Upon information and belief, sometime prior to October 2024, eHarmony, either directly or through intermediate transactions, assigned, placed or transferred an alleged debt to Defendant for purposes of collection.

24. Defendant regularly collects and/or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

25. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### *October 21, 2024, Email from Defendant*

26. Beginning on or around October 2024, Defendant began initiating collection communications to Plaintiff in attempts to collect upon an alleged debt from Plaintiff.

27. Specifically, on October 15, 2024, Defendant called Plaintiff in attempt to collect upon an alleged debt from Plaintiff.

28. Six (6) days later, on October 21, 2024, Defendant sent Plaintiff a written collection communication via e-mail in attempt to collect upon an alleged debt from Plaintiff.

29. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

30. In this initial communication, Defendant represented to Plaintiff that Plaintiff "owe[s] a past due balance for an account with eHarmony, account number [xxxxx]TLF," that ther "are trying to collect a debt that [Plaintiff] owe[s] to eHarmony," that the referenced account was placed with Defendant for collection and detailed the alleged amount due to Defendant for the account referenced.

31. This collection communication from Defendant failed to advise Plaintiff of any right to dispute, or request verification of, the alleged debt.

32. This initial communication from Defendant, a third-party debt collector, failed to provide Plaintiff with proper written notice as required pursuant to 15 U.S.C. § 1692g of the FDCPA.

33. Defendant's collection communication failed to provide Plaintiff and, upon information and belief, the Class "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" in violation of 15 U.S.C. § 1692g(a)(4).

34. Defendant 's collection communication misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under 15 U.S.C. § 1692g(a)(4) and thus through the above conduct, Defendant violated 15 U.S.C § 1692g.

35. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities. *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991). Defendant's collection communication is likely to mislead Plaintiff, and other least sophisticated

consumers, since it overshadows and misrepresents the right to dispute and the dispute period provided by federal law.

36. Through the above conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by 15 U.S.C. § 1692g, Defendant engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d.

37. Through the above conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by 15 U.S.C. § 1692g, Defendant has violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with collection of an alleged debt from Plaintiff.

38. Through the above conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by 15 U.S.C. § 1692g, Defendant has violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to attempt to collect an alleged debt from Plaintiff.

39. Through the above conduct of failing to provide notice to Plaintiff of debtor's rights as prescribed by 15 U.S.C. § 1692g, Defendant has violated 15 U.S.C. § 1692f by utilizing unfair or unconscionable means to collect an alleged debt from Plaintiff.

40. As a result of Defendant's above-described unfair, deceptive, false, misleading, and oppressive conduct in connection with its debt collection activities, Plaintiff suffered invasion of privacy, was confused, deceived, and misled by Defendant's debt collection communications and has suffered mental anguish, anxiousness, stress, fear, lost sleep and felt feelings of despair as a result of Defendant's conduct and communications.

### *October 22, 2024, Call from Defendant*

41. On October 22, 2024, at approximately 6:55 a.m., Defendant called Plaintiff on Plaintiff's cellular telephone, in attempt to collect upon the alleged debt from Plaintiff.

42. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).
43. Upon information and belief, and due to the impersonal nature of the collection communication, this was an automated text message that Defendant similarly and/or simultaneously sent to numerous other consumers or debtors like Plaintiff.
44. Through this conduct, Defendant initiated telephonic communications to Plaintiff's cellular telephone at an inconvenient time before 8:00 a.m. or after 9:00 p.m. in violation of 15 U.S.C. § 1692c(a)(2).
45. Through the above conduct, Defendant engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d.
46. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff.
47. As a result of Defendant's above-described unfair, deceptive, false, misleading, and oppressive conduct in connection with its debt collection activities, Plaintiff suffered invasion of privacy, was confused, deceived, and misled by Defendant's debt collection communications and has suffered mental anguish, anxiousness, stress, fear, lost sleep and felt feelings of despair as a result of Defendant's conduct and communications.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all other similarly situated consumers and their successors in interest (the "Class") with whom Defendant engaged in debt collection activities which are in violation of the FDCPA, as described in this Complaint. This action is properly maintained as a Class Action.
49. Plaintiff seeks to represent and is a member of the Class consisting of:

> All consumers with whom Defendant engaged in debt collection communications with utilizing an initial written collection communication substantially similar to the e-mail sent to Plaintiff since (1) one year prior to October 21, 2024.

50. Plaintiff also seeks to represent and is a member of the Class consisting of:

> All consumers with whom Defendant engaged in debt collection communications with before 8:00 a.m. and/or after 9:00 p.m. since one year prior to October 22, 2024.

51. The Class satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure for maintaining a class action:

- the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons with whom Defendant engaged in debt collection activities that violate specific provisions of the FDCPA as discussed above.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
    c. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief, enjoining Defendant from continuing its illegal collection activities.

52. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

53. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

54. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

55. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

56. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, Defendant will continue to reap and retain the proceeds of their ill-gotten gains; and

57. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**CAUSES OF ACTION**
**Violation of the Fair Debt Collection Practices Act (FDCPA)**
**15 U.S.C. §§ 1692, et seq.**

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

60. As a result of each and every violation of the FDCPA, Plaintiff and each member of the Class is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself individually and on behalf of all others similarly situated, demands judgment against Defendant as follows:

- Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative of the Class(es) defined herein or as certified by the Court, and appointing Plaintiff's counsel as Class Counsel;
- Awarding Plaintiff and each member of the Class maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;
- Awarding Plaintiff and the Class injunctive relief;
- Awarding pre-judgment interest and/or post-judgment interest to the extent permitted by law;
- Awarding reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA; and
- Awarding Plaintiff and each member of the Class any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

61. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: December 5, 2024

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Gustavo Ponce*
GUSTAVO PONCE, ESQ.
MONA AMINI, ESQ.
6940 S. CIMARRON RD., SUITE 210
LAS VEGAS, NEVADA 89113
*Attorneys for Plaintiff*